# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Chanel Gwynne, as Personal Representative of the Estate of Seth Orobor, | Case Number: |
| Plaintiff, | |
| vs. | **Complaint** |
| Ocean Plaza Inn, LLC *doing business as* Polynesian Ocean Front Hotel and Kurush Shroff, individually and as a Member of Ocean Plaza Inn, LLC *doing business as* Polynesian Ocean Front Hotel, | |
| Defendants. | |

Plaintiff, by and through her undersigned counsel, hereby allege and plead as follows:

1. Plaintiff is the mother of Seth E. Orobor ("Decedent") and the duly appointed Personal Representative of the Estate of Decedent

2. Plaintiff is a resident of Georgia.

3. At the time of the subject incident, Decedent was a resident of Georgia.

4. Defendant Ocean Plaza Inn, LLC *doing business as* Polynesian Ocean Front Hotel ("OPI") is a South Carolina entity and at all relevant times to the subject action transacted business in Horry County, South Carolina and continues to transact business in Horry County, South Carolina.

5. Defendant Kurush Shroff ("Shroff") is a resident of Horry County, South Carolina.

6. At all relevant times, Defendant Shroff was and continues to be a member of Defendant OPI and was and continues to be the sole shareholder of OPI.

7. Defendant Shroff is sued in his individual capacity and as a member of Defendant OPI and is personally liable for the injuries and damages alleged herein based on

his own acts and conduct that proximately caused the incident described herein and the death of Decedent.

8. Plaintiff brings the subject wrongful death action pursuant to S.C. Code § 15-51-10 and the subject survival action pursuant to S.C. Code § 15-5-90.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

10. Venue is proper in the above-captioned Division pursuant to 28 U.S.C. § 1391 and Local Civ. Rule 3.01(A)(1) (D.S.C.) because a substantial part of the events and omissions giving rise to the claim occurred in said Division.

11. At all relevant times, Defendants were the owner, operator, manager, and/or property management entity of Polynesian Ocean Front Hotel located at 1001 South Ocean Boulevard in Myrtle Beach, South Carolina.

12. At all relevant times, Defendants were the owner, operator, manager, and/or property management entity of all amenities of the subject hotel, including the indoor swimming pool filled with water at the hotel.

13. Defendants are jointly and severally liable.

14. At the time of the subject incident, Decedent was 10 years old.

15. At all relevant times, Decedent was properly and lawfully at the subject hotel and properly and lawfully using the subject pool at the hotel.

16. At all relevant times, Defendants directed and allowed for the subject pool be open for use by hotel patrons and guests, including Decedent, and the pool was in fact open for use.

17. At all relevant times, the water clarity of the pool was unsafe and dangerous to persons in and around the pool and in violation of applicable standards and regulations.

18. At all relevant times, the water of the subject pool was dangerously cloudy and unsafe to persons in and around the pool and in violation of applicable standards and regulations.

19. At all relevant times, the lighting in and around the pool was unsafe, insufficient, dangerous to persons in and around the pool, and in violation of applicable standards and regulations.

20. At all relevant times, the circulation system of the pool was unsafe, insufficient, dangerous to persons in and around the pool, and in violation of applicable standards and regulations

21. At all relevant times, Defendants failed to close the pool.

22. On March 27, 2021, Decedent drowned in the subject pool while he was swimming with other patrons and guests of the hotel. Decedent's body was ultimately found on the bottom of the pool and his cause of death was determined to be asphyxia due to drowning.

23. At all relevant times, Defendants owed a duty to persons in and around the subject pool, including Decedent, to maintain the pool and property in a safe condition, conduct proper and thorough safety and other inspections of the pool and property, discover and identify unsafe and dangerous conditions, take safety precautions to warn of or eliminate unreasonable risks of harm to persons in and around the pool, including Decedent, and to act appropriately as to not cause injury and damage to persons in and around the pool, including Decedent.

24. At all relevant times, Defendants owed a duty to persons in and around the subject pool, including Decedent, to own, operate, maintain, and/or manage the pool and property in a safe and defect-free condition and in the event of the existence of a dangerous and/or unsafe condition, Defendants owed a duty to persons in and around the pool, including

Decedent, to abide by and follow all applicable standards and regulations, warn of such dangerous and/or unsafe condition, and to remove and/or make safe such dangerous and/or unsafe condition.

25. Defendants were negligent, grossly negligent, negligent per se, willful, wanton, and/or reckless and breached the duties owed to Decedent and Plaintiff in one or more of the following ways:

    a. Creating an unsafe, dangerous, and/or defective condition and environment in and around the pool;

    b. Overseeing the creation of an unsafe, dangerous, and/or defective condition and environment in and around the pool;

    c. Failing to properly and thoroughly monitor, test, maintain, and inspect the pool and environment in and around the pool;

    d. Failing to properly and thoroughly monitor, test, maintain, and inspect the clarity of the water in the pool;

    e. Failing to properly install, specify, inspect, repair, test, service, and/or maintain the lights in and around the pool;

    f. Failing to properly install, specify, inspect, repair, test, service, and/or maintain the filtration system of the pool;

    g. Failing to properly and safely ready and prepare the pool for use;

    h. Failing to properly oversee that the water in the pool was maintained in a proper, safe, and non-dangerous condition;

    i. Failing to recognize and/or report imminent safety hazards that posed a threat of injury to users of the pool;

    j. Failing to properly safeguard against the unsafe, dangerous, and/or defective conditions present at the subject pool at the time of the subject incident;

    k. Failing to properly warn persons in and around the pool of unsafe, dangerous, and/or defective conditions;

    l. Failing to properly hire, train, supervise, manage, and retain Defendants' employees and agents;

    m. Failing to properly identify and report unsafe, dangerous, and/or defective conditions of the subject pool and its environment;

n. Failing to follow generally accepted standards of care applicable to the ownership and operation of a pool at a commercial property;

o. Failing to properly manage the subject property;

p. Failing to comply with the standards of care applicable to water clarity, lighting, and filtration systems;

q. Failing to comply with the standards of care, regulations, ordinances, codes, policies, procedures, and/or standards applicable to preparing the pool for use and the opening and/or closure of the pool;

r. Failing to properly oversee the management, maintenance, operation, and servicing of the pool and pool environment;

s. Failing to have, implement, maintain, and/or follow applicable policies, procedures, and/or standards related to the subject pool and pool environment;

t. Failing to follow generally accepted standards of care, regulations, ordinances, codes, policies, procedures, and/or standards applicable to maintaining, inspecting, and/or testing the clarity of the water in the pool;

u. Failing to follow generally accepted standards of care, regulations, ordinances, codes, policies, procedures, and/or standards applicable to specifying, installing, maintaining, safeguarding, servicing, inspecting, testing, and/or repairing the lights in and around the pool;

v. Failing to follow generally accepted standards of care, regulations, ordinances, codes, policies, procedures, and/or standards applicable to specifying, installing, maintaining, safeguarding, servicing, inspecting, testing, and/or repairing the filtration system of the pool;

w. Violating the industry standard of care related to maintaining, testing, and/or inspecting the clarity of the water in the pool;

x. Violating the industry standard of care related to installing, maintaining, safeguarding, servicing, testing, inspecting, and/or repairing the lighting in and around the pool;

y. Violating the industry standard of care related to installing, maintaining, safeguarding, servicing, testing, inspecting, and/or repairing the filtration system of the pool;

z. Violating the industry standard of care related to preparing the pool for use and the opening and closure of the pool;

aa. Violating the industry standard of care for owning, supervising, and/or managing the subject hotel;

bb. Failing to adopt procedures for testing, inspecting, and/or maintaining of the clarity of the water in the pool;

cc. Failing to adopt procedures for the safe and proper specification, installation, repair, maintenance, testing, inspecting, safeguarding, and/or servicing of the lights in and around the pool;

dd. Failing to adopt procedures for the safe and proper specification, installation, repair, maintenance, testing, inspecting, safeguarding, and/or servicing of the filtration system of the pool;

ee. Failing to use the degree of care and caution that a reasonably prudent person and entity would have used under the same or similar circumstances;

ff. Failing to adequately train, instruct, and/or supervise persons who would maintain, oversee, inspect, operate, and/or oversee the pool;

gg. Failing to adequately train, instruct, and/or supervise persons who would prepare and ready the pool for use;

hh. Failing to adequately train, instruct, and/or supervise persons who would manage and oversee the subject hotel;

ii. In readying the pool for use in an improper and unsafe manner;

jj. In allowing persons to use the pool when the pool was in an unsafe and dangerous condition; and

kk. In such other particulars that may be established during the course of discovery or at the trial of this action.

Defendants' negligent, negligent per se, grossly negligent, willful, wanton, and reckless conduct and breach of the duties owed to Decedent and Plaintiff were the direct and proximate cause of the incident and injuries described herein.

26.     Defendants are liable to Decedent and Plaintiff, including liability under the doctrines of *respondeat superior* and agency, for the negligent, negligent per se, grossly negligent, careless, reckless, willful, and wanton conduct of Defendants and their employees and agents, such conduct consisting of one or more of the particulars described herein.

**For a First Cause of Action**
**(Wrongful Death)**

27.     Plaintiff incorporates by reference Paragraphs 1 through 26 above as if repeated verbatim.

28.     As a direct and proximate cause of Defendants' negligent, negligent per se, grossly negligent, careless, willful, wanton, and reckless conduct as set forth herein, Plaintiff and all statutory beneficiaries of Decedent have lost the comfort, society, and companionship of Decedent, have suffered severe and extreme emotional distress, anxiety, grief, and sorrow, and incurred funeral and burial expenses for which Plaintiff is entitled to recover damages as described herein on behalf of Decedent's statutory beneficiaries.

**For a Second Cause of Action**
**(Survival Action)**

29.     Plaintiff incorporates by reference Paragraphs 1 through 28 above as if repeated verbatim.

30.     As a direct and proximate cause of Defendants' negligent, negligent per se, grossly negligent, careless, willful, wanton, and reckless conduct as set forth herein, Decedent was forced to endure great conscious pain and suffering before his death and Plaintiff is entitled to an award of damages as described herein.

31.     WHEREFORE, Plaintiff prays for judgment against Defendants for the injuries and damages sustained by Decedent and Decedent's beneficiaries described herein in an amount of actual and punitive damages to be determined by the trier of fact, for the costs of this action, and for such other and further relief that this Court may deem just and proper.

[Signature on following page]

**O'Shea Law Firm, LLC**

s/ Christopher J. McCool
Christopher J. McCool (Fed ID: 5747)
Brooklyn A. O'Shea (Fed ID: 12681)
1120 Folly Road
Charleston, SC 29412
843-805-4943
chris@oshealaw.com
brooklyn@oshealaw.com

Attorneys for Plaintiff

March 7, 2023
Charleston, SC